# In the United States District Court
## for the Middle District of Florida
### Orlando Division

In re:                                    :

WILLIAM M. GURLEY,                        :

    Debtor.                               :

_____/            :

CHERYL JANE FOLLOWELL, as : 
Executrix of the Estate of 
Betty Jean Gurley, and WILLIAM :    Case No. 5:06-CV-458
M. GURLEY,
                                          :

    Plaintiffs/Appellants,
                                          :

    v.
                                          :

UNITED STATES OF AMERICA,
                                          :

    Defendant/Appellee.

## ORDER

Plaintiffs Cheryl Jane Followell, as Executrix of the Estate of Betty Jean Gurley, and William M. Gurley, filed the above-captioned case against Defendant, United States of America, seeking a declaratory judgment declaring that the Environmental Protection Agency (hereinafter "EPA") is barred from having any allowed portion of its claims against Mr. Gurley's bankruptcy estate paid from the funds recovered by the estate's Chapter 7 Trustee. Defendant, through the EPA,

filed a motion to dismiss Plaintiffs' complaint. After a hearing on the motion, the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, issued an Order, dated November 22, 2006, granting Defendant's motion to dismiss. Plaintiffs appeal the dismissal.

On appeal, Plaintiffs assert that, contrary to the Bankruptcy Court's findings, their complaint states a claim upon which relief can be granted because 11 U.S.C. § 725 mandates that the Trustee distribute to Mrs. Gurley her interest in property that is included in the property of Mr. Gurley's bankruptcy estate before any distribution is made to the EPA. Plaintiffs correctly note that the Bankruptcy Court did not consider the operation or effect of Section 725 in ruling on Defendant's Motion to Dismiss. According to Plaintiffs, had the Bankruptcy Court considered Section 725, it would have been compelled to find that the Complaint in fact stated a claim upon which relief can be granted.

In response, Defendant asserts that the reason the Bankruptcy Court did not address Section 725 in its Order granting the motion to dismiss is because Plaintiffs did not raise this argument before the Bankruptcy Court. According to Defendant, this argument was raised for the first time on

appeal and, therefore, could not have been considered by the Bankruptcy Court. Plaintiffs disagree with Defendant's assertion and claim that the Section 725 argument was raised below. Specifically, Plaintiffs note that they raised the Section 725 argument in their Corrected Memorandum in Opposition to the Defendant's Motion to Dismiss.

Although Plaintiffs did, in fact, raise their Section 725 argument in their brief in support of their opposition to Defendant's motion to dismiss, the Bankruptcy Court did not engage in any analysis or discussion regarding this specific argument. Without any findings from the Bankruptcy Court regarding the applicability of Section 725, if any, it is difficult, if not impossible, for this Court to determine whether Section 725 is applicable and, if it is, what effect it has on the outcome of Defendant's motion.

It has long been the rule that "where the trial court fails to make findings . . . on a material issue, and an appeal is taken, the appellate court will normally vacate the judgment and remand the action for appropriate findings to be made." Nipper v. Smith, 39 F.3d 1494, 1557 (11th Cir. 1994)(quoting Davis v. United States, 422 F.2d 1139, 1141 (5th Cir. 1970)). The Court in Nipper went on to hold that an

appeals court "rarely considers issues not ruled upon in the district court and only does so if the record sufficiently conveys all the relevant information for a full and complete review." Id. Because a district court is considered an appellate court when it reviews the decision or order of a bankruptcy court, a similar rule governs the review of the Bankruptcy Court's Order in this case. In re Winn-Dixie Stores, No. 3:08-cv-391, 2009 U.S. Dist. LEXIS 30681, at *8 (M.D. Fla. April 10, 2009); In re Greene, 145 B.R. 714, 717 (S.D. Ga. 1992).

Accordingly, this case is **REMANDED** to the Bankruptcy Court for further proceedings not inconsistent with this Order. Specifically, the Bankruptcy Court is to rule on whether 11 U.S.C. § 725 applies to this case and, if so, to make specific findings on the extent of that statute's applicability.

**SO ORDERED** this ___10th___ day of September, 2009.

LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE